**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.:

LAWRENCE FELTZIN,

      Plaintiff,

v.

SANDALFOOT PLAZA HOLDINGS LLC
and DIAMANTE SUSHI CORP,

      Defendants.

_____/

## COMPLAINT

Plaintiff, LAWRENCE FELTZIN, individually (hereinafter "Plaintiff" or "Mr. Feltzin"),

sues SANDALFOOT PLAZA HOLDINGS LLC and DIAMANTE SUSHI CORP (hereinafter

"Defendants"), and as grounds alleges:

### JURISDICTION, PARTIES, AND VENUE

1. This is an action for injunctive relief, attorneys' fees, litigation expenses, and costs

pursuant to 42 U.S.C. § 12181, *et seq.*, (the "Americans with Disabilities Act" or "ADA").

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C.

§ 12181, *et seq.* pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. Plaintiff, LAWRENCE FELTZIN, is an individual over eighteen years of age,

residing in Florida, and is otherwise *sui juris.*

4. At all times material, Defendant, SANDALFOOT PLAZA HOLDINGS LLC,

owned and operated the commercial shopping center located at 23133 Sandalfoot Plaza Dr, Boca

Raton, FL 33428, (hereinafter the "Commercial Property") and conducted a substantial amount

of business in that place of public accommodation in Palm Beach County, Florida.

5.      At all times material, Defendant, SANDALFOOT PLAZA HOLDINGS LLC, was and is a Florida Limited Liability Company, registered to do business in the State of Florida, with its principal address in Miami, FL.

6.      At all times material, Defendant, DIAMANTE SUSHI CORP, owned and/or operated a commercial restaurant, within the Commercial Property, located at 23133 Sandalfoot Plaza Dr., Ste. 2, Boca Raton, FL 33428 and conducted a substantial amount of business in that place of public accommodation in Palm Beach County, Florida. Defendant, DIAMANTE SUSHI CORP, holds itself out to the public as "DIAMANTE SUSHI".

7.      At all times material, Defendant, DIAMANTE SUSHI CORP, was and is a Florida Profit Corporation, organized under the laws of the State of Florida, with its principal address in Boca Raton, FL.

8.      Venue is properly located in the Southern District of Florida because Defendants Commercial Property is located in Palm Beach County, Florida, Defendant regularly conducts business within Palm Beach County, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Palm Beach County, Florida.

<u>FACTUAL ALLEGATIONS</u>

9.      Although over thirty-three (33) years have passed since the effective date of Title III of the ADA, Defendants have yet to make its facilities accessible to individuals with disabilities.

10.      Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992.  In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants continue to discriminate against people, such as the Plaintiff, who are disabled in ways that block them from access and use of Defendants

2

business and property.

11.     The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

12.     Plaintiff, LAWRENCE FELTZIN, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, LAWRENCE FELTZIN, is paralyzed and is substantially limited in major life activities due to his impairment, including, but not limited to, not being able to walk or stand. He requires the use of a wheelchair to ambulate and uses a manual wheelchair.

13.     Mr. Feltzin is a staunch advocate of the ADA. Since becoming aware of his rights, and their repeated infringement, he has dedicated his life to this cause so that he, and others like him, may have full and equal enjoyment of public accommodations without the fear of discrimination and repeated exposure to architectural barriers in violation of the ADA.

14.     He is often frustrated and disheartened by the repetitiveness of the complaints he is forced to make to employees and management at different places of public accommodation over thirty-three (33) years after the legislation of the ADA, to no avail. Mr. Feltzin is accordingly of the belief that the only way to affect change is through the mechanisms provided under the ADA.

15.     Defendant, SANDALFOOT PLAZA HOLDINGS LLC, owns, operates, and oversees the Commercial Property, its common areas, paths of travel, general parking lot and/or parking spots specific to the business therein, located in Palm Beach County, Florida, that is the subject of this Action.

16.     The subject Commercial Property is open to the public. The individual Plaintiff visits the Commercial Property and businesses located within the Commercial Property, to include a visit to the Commercial Property and business located within the Commercial Property on or

about January 28, 2026, and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the Commercial Property. He often visits the Commercial Property in order to avail himself of the goods and services offered there. He plans to return to the Commercial Property within four (4) months of the filing of this Complaint, in order to avail himself of the goods and services offered at the place of public accommodation and check if it has been remediated of the ADA violations he encountered.

17. The Plaintiff found the Commercial Property and the business named herein located within the Commercial Property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the Commercial Property, and the business named herein located within the Commercial Property and wishes to continue his patronage and use of each of the premises.

18. The Plaintiff has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property and the business named herein located within the Commercial Property. The barriers to access at the Commercial Property, and business within, have each denied or diminished Plaintiff's ability to visit the Commercial Property and have endangered his safety in violation of the ADA. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, LAWRENCE FELTZIN.

19. Defendants, SANDALFOOT PLAZA HOLDINGS LLC, and DIAMANTE SUSHI CORP, own and/or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendants, SANDALFOOT PLAZA HOLDINGS LLC, and DIAMANTE SUSHI CORP, are responsible for complying with the obligations of the ADA. The place of public accommodation where Defendants, SANDALFOOT PLAZA HOLDINGS LLC, and DIAMANTE SUSHI CORP, own and/or operate are the Commercial Property located at 23133 Sandalfoot Plaza Dr, Boca Raton,

4

FL 33428, and business located within the Commercial Property.

20.     Defendants, SANDALFOOT PLAZA HOLDINGS LLC and DIAMANTE SUSHI CORP, are jointly liable and responsible for all the violations listed in Count II of this Complaint. Defendant, SANDALFOOT PLAZA HOLDINGS LLC as landlord of the Commercial Property is liable for all the violations listed in this Complaint.

21.     Plaintiff, LAWRENCE FELTZIN, has a realistic, credible, existing, and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property, and business named herein located within the Commercial Property. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, and business named herein located within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and business located therein to avail himself of the goods and services available at the Commercial Property, and so that he will have full and equal enjoyment of the Commercial Property, without fear of discrimination.

22.     Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property and business located therein, as prohibited by 42 U.S.C. § 12182 et seq.

**COUNT I – ADA VIOLATIONS AS TO
DEFENDANT, SANDALFOOT PLAZA HOLDINGS LLC**

23.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 22 above as though fully set forth herein.

24.     Defendant, SANDALFOOT PLAZA HOLDINGS LLC, has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have

accessible facilities by January 26, 1992 (or January 26, 1993, if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property, includes but are not limited to, the following:

**Common Areas**

    A. Parking and Exterior Accessible Routes

i.    Parking spaces throughout the Commercial Property are not maintained due to faded striping, contain slopes beyond limits within parking spaces, do not have marked access aisles, and lack compliant accessible routes from accessible parking, violating Sections 402 and 502 of the 2010 Accessibility Standards.

ii.    The Commercial Property fails to provide the required amount of compliant accessible parking spaces, violating Section 502 of the 2010 Accessibility Standards.

iii.    The curb ramps at the Commercial Property contain excessive slopes, abrupt changes of level, lack finished edges or edge protection, and lack level landings, violating Sections 402, 405 and 406 of the 2010 Accessibility Standards.

iv.    The exterior accessible route from parking spaces and throughout the Commercial Property fails to provide a safe accessible route, violating Section 402 of the 2010 Accessibility Standards.

v.    Entering the tenant spaces is impeded by slopes beyond limits and/or abrupt changes of level at the base, violating Section 404 of the 2010 Accessibility Standards.

vi.    The Commercial Property fails to provide a compliant accessible route to the adjacent street, sidewalk, or bus stop, violating the ADAAG and Section 206.2.1 of the 2010 Accessibility Standards.

<u>**COUNT II – ADA VIOLATIONS AS TO**</u>
<u>**DEFENDANTS, SANDALFOOT PLAZA HOLDINGS LLC and**</u>
<u>**DIAMANTE SUSHI CORP**</u>

25.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 22 above as though fully set forth herein.

26.     Defendants, SANDALFOOT PLAZA HOLDINGS LLC and DIAMANTE SUSHI CORP, have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, <u>inter alia</u>, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property, includes but are not limited to, the following:

B.  <u>Access to Goods and Services</u>

i.     Service counters, accessible tables and other accessible elements are in violation of Sections 308, 902 and 904 of the 2010 Accessibility Standards.

**<u>RELIEF SOUGHT AND THE BASIS</u>**

27.     Plaintiff requests an inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access listed in this Complaint in conjunction with Rule 34 and timely notice. Plaintiff requests to be allowed to be physically present at such inspection in conjunction with Rule 34 and timely notice. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief. The remediations for the ADA violations listed herein are readily achievable.

28.     The individual Plaintiff has been denied access to and has been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs, and activities

offered by the Defendants, at the Commercial Property and the business named herein within the Commercial Property; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The individual Plaintiff will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA, as requested herein. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief.

29.     Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, Defendants continue to discriminate against Plaintiff by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, such as the Plaintiff; and by failing to take such efforts that may be necessary to ensure that no individual with a disability, such as the Plaintiff, is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

30.     Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought.  Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff.  Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs, and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

31.     Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public

8

accommodation. The Plaintiff will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

32.     Notice to a Defendant is not required as a result of the Defendants failure to cure the violations by January 26, 1992 (or January 26, 1993, if a defendant has 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiff or waived by the Defendant.

33.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff's injunctive relief, including an order to alter the Commercial Property, and the business named herein located within the Commercial Property, at 23133 Sandalfoot Plaza Dr, Boca Raton, FL 33428, including but not limited to the exterior common areas, the parking areas of the Commercial Property, and paths of travel, and tenant interior spaces, to make those facilities readily accessible and useable to the Plaintiff; or by closing the facility until such time as the Defendants cure the violations of the ADA.

WHEREFORE, the Plaintiff, LAWRENCE FELTZIN, respectfully requests that this Honorable Court issue (i) injunctive relief against Defendants including an order to make all alterations to the facilities required by the ADA; or to make such facilities readily accessible to and usable by individuals with disabilities, such as Plaintiff, to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, such as Plaintiff; (ii) an award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iii) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: March 4, 2026.

Respectfully submitted,

**GARCIA-MENOCAL, P.L.**
*Attorneys for Plaintiff*
350 Sevilla Avenue, Suite 200
Coral Gables, Fl 33134
Telephone: (305) 553-3464
Primary E-Mail: aquezada@lawgmp.com
Secondary E-Mail: yabdalla@lawgmp.com


By: ___*/s/_Alfredo Garcia-Menocal*_
    ALFREDO GARCIA-MENOCAL
    Florida Bar No.: 533610

**THE LAW OFFICE OF RAMON
J. DIEGO, P.A.**
*Attorneys for Plaintiff*
5001 SW 74th Court, Suite 103
Miami, FL, 33155
Telephone: (305) 350-3103
Primary E-Mail: rdiego@lawgmp.com
Secondary E-Mail: ramon@rjdiegolaw.com


By: ___*/s/_Ramon J. Diego*_____
    RAMON J. DIEGO
    Florida Bar No.: 689203